IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HARLEY M. BRADY, <br> No. R13122, <br><br>       Plaintiff, <br><br> vs. <br><br> MR. BALDWIN, <br> JOHN DOE 1, <br> MR. DUNCAN, <br> JOHN DOE 2, <br> NURSE JANE DOE, and <br> JANE DOE 1, <br><br>       Defendants. | Case No. 17-cv-1203-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

In *Brady v. IDOC*, Case No. 17-cv-883-NJR (S.D. Ill. Aug. 21, 2017), Plaintiff Harley M. Brady, an inmate of the Illinois Department of Corrections ("IDOC") currently housed in Lawrence Correctional Center ("Lawrence"), brought suit pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights allegedly occurring at Lawrence. Pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), an access to the courts claim was severed from that initial action to form the basis for this action, Case No. 17-cv-1203-NJR.

On December 4, 2017, the Court screened the severed action pursuant to 28 U.S.C. § 1915A. (Doc. 7). The action did not survive preliminary review and was dismissed without prejudice and with leave to amend. *Id.* On April 16, 2018, after receiving three extensions, Plaintiff filed an Amended Complaint. (Doc. 16). The Amended Complaint is now before the Court for preliminary review pursuant to § 1915A.

1

**<u>Preliminary Review – Applicable Standard</u>**

Section 1915A provides as follows:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**<u>The Amended Complaint</u>**

Plaintiff is in IDOC custody as a result of his convictions in La Salle County, Illinois, for armed robbery and unlawful possession of a weapon by a felon (Case No. 13-cf-202). *See People v. Brady*, 2017 IL App (3d) 150184-U, appeal denied, 98 N.E.3d 37 (Ill. 2018). According to the Amended Complaint, prior to sentencing, Plaintiff requested that certain officials release his mental health records. Plaintiff intended to have these records included in his presentence investigation report ("PSI"). The records were never released, and Plaintiff's grievances and complaints pertaining to the unreleased records were not adequately addressed. Plaintiff's sentencing proceeded, without the mental health records, and his subsequent motion to reconsider sentencing was denied. Plaintiff

contends that, because the mental health records were not included in his PSI, he did not receive a fair sentencing hearing. In connection with these claims, Plaintiff has named the officials allegedly involved in failing to release the records and/or the officials who allegedly failed to address his grievances. Plaintiff claims that Defendants deprived him of due process and/or access to the courts. He also brings an Illinois common-law negligence claim. Plaintiff seeks declaratory relief, injunctive relief, and monetary damages.

## **Discussion**

It is well established that a plaintiff in a case brought under 42 U.S.C. § 1983 may not raise claims that, if correct, would necessarily imply the invalidity of a state conviction or sentence unless and until that conviction or sentence has been set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Apampa v. Layng*, 157 F.3d 1103, 1105 (7th Cir.1999).

In this case, Plaintiff argues he was unfairly sentenced based on an incomplete PSI. The PSI was allegedly incomplete because certain officials failed to release Plaintiff's mental health records, and Plaintiff is attempting to bring constitutional claims against those officials. Given this backdrop, a judgment in Plaintiff's favor would necessarily imply the invalidity of his sentence, which has not been invalidated in a prior proceeding. *See* e.g., *Scott v. Sutker-Dermer,* 6 F. App'x 448 (7th Cir. 2001) (claims that defendants were responsible for plaintiff being falsely imprisoned, convicted on perjured testimony, and sentenced to onerous conditions of probation based on an inaccurate presentence investigation report were *Heck*-barred); *Waeckerle v. Oklahoma,* 37 F. App'x 395, 396-97 (10th Cir. 2002) (claim that parole investigator wrongly recommended denying parole based on errors within presentence investigation report was *Heck*-barred); *White v. United States Probation Office*, 148 F.3d 1124, 1126 (D.C. Cir. 1998) (*per curiam*) (dismissing suit because judgment in plaintiff's favor on challenge to legal conclusions of presentence investigation report "would necessarily imply the invalidity of his sentence, which has not been invalidated in a prior proceeding").

Accordingly, the Court finds that Plaintiff's claims for denial of access to the courts and violation of his right to due process are *Heck*-barred, and they shall be dismissed without prejudice. Further, to the extent that Plaintiff is attempting to bring claims against one or more officials for the denial or mishandling of grievances, such allegations, standing alone, state no claim. *See,* e.g., *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007).[1] Finally, in the absence of a viable federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim for negligence. *See* 28 U.S.C. § 1367(c)(3); *Harvey v. Town of Merrillville*, 649 F.3d 526, 533 (7th Cir. 2011).

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED.** Plaintiff's constitutional claims are dismissed without prejudice as being barred by *Heck v. Humphrey*. Any intended claims pertaining to the denial or mishandling of grievances are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's state law negligence claim is **DISMISSED** without prejudice because the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c).

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.* 150 F.3d 810, 811 (7th Cir. 1998). This dismissal is for failure to state a claim and counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g). *See Ward v. Akpore*, 702 F. App'x 467 (7th Cir. 2017) (upholding district court's decision to dismiss complaint at screening for failure to state a claim and

---

[1] As to any intended grievance claims, the Court declines to provide Plaintiff with an opportunity to amend because it is clear that such claims are meritless and cannot be saved by amendment. *Foman v. Davis*, 371 U.S. 178 (1962); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

to assess a "strike" because claim was Heck-barred). *See also Cannon v. Newport*, 850 F.3d 303 (7th Cir. 2017) (upholding dismissal of complaint that included Heck-barred claim and resulted in the assessment of a "strike").

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty (30) days of the entry of judgment. FED. R. CIV. P. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 20, 2018**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**